MR. JUSTICE HUNT,
concurring:
I concur in the result reached by the majority and by Justice Sheehy in his special concurrence. But I am perplexed by what seems to be objection to considering the testimony of Norman Grosfield, an experienced practitioner of Workers’ Compensation law, who was counsel and later administrator of the Montana Workers’ Compensation Division, the state agency that oversees the entire Workers’ Compensation program in Montana. In addition to that experience, the witness testified that since entering private practice, 80% of his work was and is Workers’ Compensation law primarily representing claimants.
Grosfield testified by deposition and was subject to cross-examination. His testimony was considered by the Workers’ Compensation judge who, in his analysis said:
“Since Mr. Grosfield’s opinion testimony was not answered by other countervailing deposition testimony, claimant’s counsel has *199 failed to carry his burden of proof and has not prepondered on the reasonableness of the heightened hourly rate originally requested.
“Further, the judge said:
“While this court is not bound by Mr. Grosfield’s opinion as to what would be a reasonable hourly rate for any given attorney in this case, the Court finds the $70 figure to be a valid one.”
This conclusion seems to me to be in line with Section 39-71-614, MCA, which says, “The judge is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney’s customary and current hourly fee for legal work performed in this state.”
In my opinion the judge was correct in considering the opinion of this expert.